IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY SCOTT WELCH,

    Plaintiff,

v.                                        CASE NO. 1:09-cv-00265-MP -GRJ

GREG ARLINE, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

    Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that Defendants conspired to hinder his access to the court when they confiscated his legal papers and wrote him up on a disciplinary report. (Doc. 22).

    A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see also Cobb v. Florida, 293 Fed. Appx. 708 (11th Cir. 2008) (applying Twombly to a prisoner's *pro se* complaint brought under 42 U.S.C. §1982 and dismissed pursuant to 28 U.S.C. §1915A). "The Supreme Court's most recent formulation of the pleading specificity standard provides that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007) (*quoting* Twombly, 127 S.Ct. at 1965). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. Twombly, at 1965. In reviewing

the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and *pro se* pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir.2004).

The second amended complaint – which is not on the required forms previously sent to Plaintiff – is Plaintiff's third attempt to state sufficient facts to support his claims. Plaintiff previously was told that he must show an actual injury resulting from the confiscation of legal materials to state a First Amendment claim. Despite this directive Plaintiff still has failed to identified an injury. (Doc. 13).

According to Plaintiff, the 52 pages of materials confiscated from him concerned a state habeas matter. Plaintiff fails, however, to allege that the confiscation of these papers resulted in (for example) a missed deadline or a denial or dismissal of a specific action. Without a showing of an actual injury Plaintiff's claim must fail. *See,* Lewis v. Casey, 518 U.S. 343, 351 (1996); *see also* Nichols v. Head, Case No. 5:10-CV-71 (HL), 2010 WL 1224091 at *2 (M.D. Ga. March 22, 2010) (prisoner who has not alleged, much less shown, an actual injury has not stated a claim); Dorsey v. White, Case No. 2:05CV565-MHT, 2007 WL 2480517 at *5 (M.D. Ala. Aug. 27, 2007) (failure to allege any specific facts showing prejudice to pending or contemplated appeal, habeas action or non-frivolous civil rights action does not establish requisite showing of actual prejudice); Tucker v. Powell, Case No. 7:09-CV-67 (WLS), 2009 WL 3416465 at *2 (M.D. Ga. July 8, 2009) (conclusory allegation of prejudice without more specific showing of negative impact on particular legal action does not state a claim).

Plaintiff also complains that the DR he received when his legal materials were taken was a retaliatory act, which he describes as an "artifice act." Plaintiff spent 37

days in disciplinary confinement on these allegedly false charges of "fraud." In response to his grievances seeking return of these materials, Plaintiff was advised that the papers were "contraband" and would not be returned.

The Supreme Court has held that damages under section 1983 may not be awarded if establishing the basis for the damages claim necessarily demonstrates the invalidity of a conviction." Heck v. Humphrey, 512 U.S. 477 (1994). This has been applied to disciplinary proceedings as well and has been interpreted by the Eleventh Circuit to foreclose any challenges to the results of a disciplinary review, but not if the challenge is based on some procedural due process issue. See Edwards v. Balisok, 520 U.S. 641 (1997); Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff does not allege any issue with the procedures used to find him guilty on the disciplinary report at issue.

Finally, while Plaintiff describes a conspiracy by these defendants to retaliate against him, he offers no facts to support such a conspiracy. Based on the facts Plaintiff does provide, there was a prison policy established by Defendant Sapp in a memorandum that directed that legal materials would be taken, reviewed, and returned after 15 days. Plaintiff objected to this process, generally complaining that he had court deadlines to meet, and when he refused to hand the papers over he was handcuffed

and the documents were confiscated. Based upon what the prison officials found upon their review, Plaintiff was issued a DR and the materials were classified as contraband. Taking these facts as true, Plaintiff did not comply with prison policy, refused an order to allow review of his legal materials, and was issued a DR. Where, as here, a prisoner violates prison rules, such conduct "checkmates" a retaliation claim. See O'Bryant v. Finch, Case No. 5:05cv111/LAC/MD, 2008 WL 691689 at *9 (N.D. Fla. March 12, 2008), citing Henderson v. Baird, 29 F.3d 464, 465, 469 (8th Cir.1994) (a finding that prisoner violated rules checkmates his retaliation claim); Romansky v. Stickman, 147 Fed.Appx. 310 (3rd Cir. 2005) (when prisoner found guilty on DR he is foreclosed from claiming retaliation in connection with its issuance). See also Cherfils v. Jones, Case No. 3:07cv391/MCR/MD, 2008 WL 817098 at *2 (N.D. Fla. March 25, 2008), citing Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998)(quoting Orebaugh v. Caspari, 910 F.2d 526, 628 (8th Cir. 1990) (an inmate may not state a claim of retaliation where the "discipline [was] imparted for acts that a prisoner was not entitled to perform.")

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** for failure to state a claim for relief pursuant to 28 U.S.C. §1915A(b)(1).

At Gainesville, Florida, this 16th day of November 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**